51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yvonne P. CROMAR, Plaintiff-Appellant,
v.
Richard Darcy IRWIN, Jr., Defendant-Appellee.
Yvonne P. CROMAR, Plaintiff-Appellant,
v.
Dr. Madison LUCAS; Dr. Karl Roller; St. Thomas More
Hospital, Defendants-Appellees.
Yvonne P. CROMAR, Plaintiff-Appellant,
v.
Greg MICHELI, DDS Defendant-Appellee.
 Nos. 94-1272, 94-1397, 94-1399.
 United States Court of Appeals, Tenth Circuit.
 Mar. 23, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Yvonne Cromar, a litigious, pro se litigant, seeks to appeal the district court's orders dismissing these three cases. We have consolidated these cases pursuant to Rule 3(b) of the Federal Rules of Appellate Procedure.
 
 
 3
 In Nos. 94-1397 and 94-1399, the district court dismissed Ms. Cromar's lawsuits pursuant to 28 U.S.C.1915(d) as frivolous on the ground she failed to demonstrate the existence of federal jurisdiction in either case, both of which loosely allege state law claims of medical malpractice. The district court denied Ms. Cromar's motion for leave to appeal in forma pauperis. In No. 94-1272, Ms. Cromar attempted to have a suit she filed in federal court in Florida transferred to federal court in Colorado by filing a motion to transfer venue in the Colorado court, rather than the Florida court. The district court dismissed Ms. Cromar's suit for improper venue and granted her leave to appeal in forma pauperis.
 
 
 4
 We review the denial of leave to appeal in forma pauperis under 1915(d) only for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because Ms. Cromar has utterly failed to demonstrate the existence of federal jurisdiction in Nos. 94-1397 and 94-1399, we find no abuse of discretion in denying her leave to appeal in forma pauperis. These types of meritless lawsuits are precisely the reason why Congress enacted 1915(d). See id.
 
 
 5
 We also affirm the district court's dismissal of No. 94-1272 on the ground that the motion was improperly filed in the federal court in Colorado, the alleged transferee forum, and not in Florida, where the action is presently pending. Dismissal of this action was therefore appropriate.
 
 
 6
 Finally, we note that Ms. Cromar is an unrelenting litigant who has abused the process and the system time and time again. The federal district court in Colorado has already imposed significant filing restrictions on her ability to initiate further pro se litigation. Continued abuse of the appellate process may result in similar restrictions imposed on Ms. Cromar's ability to file appellate documents in the future. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470